**Theadore BLACK, Plaintiff–Appellant,**

v.

**Thomas A. COUGHLIN III, Defendant–Appellee.**

No. 299, Docket 95–2190.

United States Court of Appeals, Second Circuit.

Submitted Nov. 9, 1995.

Decided Feb. 9, 1996.

Theadore Black, Attica, New York, Plaintiff–Appellant pro se.

Dennis C. Vacco, Attorney General of the State of New York, Albany, New York (Wayne L. Benjamin, Nancy A. Spiegel, Victor Paladino, Assistant Attorneys General, Albany, New York, of counsel), for Defendant–Appellee.

Before: KEARSE and WINTER, Circuit Judges, and POLLACK, District Judge *.

KEARSE, Circuit Judge:

Plaintiff *pro se* Theadore Black, a New York State prisoner, appeals from a final judgment of the United States District Court for the Western District of New York, David G. Larimer, *Judge*, (a) dismissing his complaint against defendant Thomas A. Coughlin III, formerly Commissioner of the New York State Department of Correctional Services ("DOCS"), under 42 U.S.C. § 1983 (1994) seeking damages for punishment imposed as a result of an improperly conducted prison disciplinary hearing, and (b) denying Black's motion for permission to amend his complaint in order to add the hearing officer and appellate review officer as defendants. The district court granted summary judgment dismissing the complaint on the ground that

Coughlin was not personally involved in any phase of the disciplinary proceeding. The court denied leave to amend on the ground that the statute of limitations had run prior to the filing of Black's original complaint, and hence an amended complaint could not be timely, and on the alternative ground that the proposed new defendants would have qualified immunity. Black challenges these rulings on appeal. For the reasons stated below, we affirm the dismissal as to Coughlin but conclude that Black should have been permitted to amend his complaint.

## I. BACKGROUND

The pertinent events are not substantially in dispute and were described by the district court as follows. In the spring of 1990, while incarcerated at Southport Correctional Facility, Black was charged with violating a prison regulation. The charge was tried in a prison disciplinary hearing before Lieutenant D. Ryan, who found Black guilty and sentenced him to 180 days' confinement in the facility's Special Housing Unit ("SHU"). In May 1990, Ryan's ruling was affirmed by reviewing officer Donald Selsky, Director of DOCS's Office of Special Housing and Inmate Disciplinary Programs.

After the sentence was affirmed, Black commenced an Article 78 proceeding in state court, alleging that there were procedural defects in the hearing before Ryan. In May 1991, the state court reversed the disciplinary ruling and vacated Black's sentence. By that time, however, Black had already served his 180–day sentence in SHU.

Black commenced the present action in June 1993 against Coughlin, seeking damages for his disciplinary confinement in violation of his due process rights. Coughlin initially moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint on the ground that Black's sentence had already been vacated. The district court denied the motion on the basis of this Court's then-recent decision in *Walker v. Bates*, 23 F.3d 652 (2d Cir.1994), *cert. denied,* —— U.S. ——,

---

* Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

115 S.Ct. 2608, 132 L.Ed.2d 852 (1995), which held that if a prisoner was placed in punitive confinement as a result of a procedurally defective hearing, his eventual success in an administrative appeal does not bar his claim under § 1983 for damages resulting from that confinement.

Following the denial of his motion, Coughlin filed his answer to the complaint, alleging that he had not been personally involved in the administrative hearing or appeal and could not be held liable for the acts of those who presided over those proceedings. He thereafter moved for summary judgment on the ground that his lack of personal involvement was undisputed. In the meantime, in August 1994, Black moved to amend his complaint and add Ryan and Selsky as defendants, stating that, since filing his complaint, he had learned that the officers who presided over his hearing and his appeal should have been named as defendants. Coughlin opposed Black's motion, contending (a) that Black had been aware of the identities of Ryan and Selsky at the time the original complaint was filed and that an amended complaint naming them would be barred by the three-year statute of limitations, and (b) that Selsky had absolute immunity from Black's claim.

In a Decision and Order dated March 14, 1995 ("Decision"), the district court granted Coughlin's motion for summary judgment on the ground that Black had not come forward with any evidence of Coughlin's personal involvement. The court denied Black's motion to amend and add Ryan and Selsky, citing both statute-of-limitations and qualified-immunity grounds. As to the former, the court noted that the disciplinary sentence was administratively affirmed on May 29, 1990, that the original complaint was filed on June 10, 1993, and that the applicable statute of limitations is three years. Stating that a claim accrues under federal law when the plaintiff " 'knows or has reason to know' of the injury on which his action is based," Decision at 4 (quoting *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir.1992)), and that "with regard to accrual of discrimination claims ... 'the proper focus is on the time of the *discriminatory act*, not the point at

which the *consequences* of the act become painful,' " Decision at 4 (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (per curiam) (emphasis in *Chardon* )), the district court held that Black's claim accrued "at the time of his hearing and at the review of that hearing," Decision at 4, "not at the time of the Article 78 reversal," *id.*

As an alternative basis for dismissal, the court stated that even if it were to grant leave to amend,

> the added defendants, Selsky and Ryan, would be entitled to qualified immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 206, 106 S.Ct. 496, 503, 88 L.Ed.2d 507 (1985) (as to Ryan); *Walker v. Bates*, 23 F.3d 652, 656 (2d Cir.1994) (as to Ryan); *Young v. Selsky*, 41 F.3d 47, 54 (2d Cir. 1994) (as to Selsky).

Decision at 4–5.

Judgment was entered dismissing the action, and this appeal followed. We affirm in part, and vacate and remand in part.

## II. DISCUSSION

 We see no error in the dismissal of the claim against Coughlin for lack of personal involvement, since a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. *See, e.g., Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Leonhard v. United States*, 633 F.2d 599, 621 n. 30 (2d Cir.1980) (claim based on respondeat superior not cognizable under § 1983), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). We have construed personal involvement for these purposes to mean direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates. *See Wright v. Smith*, 21 F.3d at 501.

Black's reliance on *Patterson v. Coughlin*, 905 F.2d 564 (2d Cir.1990), for the proposition that Coughlin automatically has personal involvement in administrative appeals such as Black's is misplaced. In *Patterson*, there was a finding that Coughlin had in fact been

personally involved in the proceedings. *See id.* at 568. Since there was no indication in the present case that Coughlin had any role in the proceedings concerning Black, the dismissal of Black's claim against Coughlin was proper.

■ We disagree, however, with the district court's denial of leave to amend to add Ryan and Selsky, who were personally involved in Black's disciplinary proceedings. Though the district court correctly noted that Black's claim is governed by a three-year statute of limitations, the court incorrectly ruled that the claim accrued on the date of Selsky's affirmance of the disciplinary ruling, rather than on the date of the state court's reversal of the disciplinary rulings. In *Heck v. Humphrey,* — U.S. —, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("*Heck* "), the Supreme Court ruled that a § 1983 claim which, if successful, would necessarily invalidate the plaintiff's conviction does not accrue until there has been some vindication of the asserted right, for example by way of reversal on direct appeal from the conviction or by the granting of relief on collateral attack. Analogizing to common-law actions for malicious prosecution, the *Heck* Court stated that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." — U.S. at —, 114 S.Ct. at 2374. Though noting that it was not engrafting onto § 1983 claims an exhaustion requirement, *see* — U.S. at —, 114 S.Ct. at 2373, the Court stated that "while the state challenges are being pursued, ... the § 1983 claim has not yet arisen," — U.S. at —, 114 S.Ct. at 2374; *see also id.* at —, 114 S.Ct. at 2373 ("deny[ing] the existence of a cause of action" prior to the plaintiff's receiving a favorable ruling on his challenge to the sentence or conviction). *But see id.* at —, 114 S.Ct. at 2372 & n. 7 (excepting from these principles a claim which, even if successful, would not demonstrate the invalidity of the conviction).

The district court's reliance on accrual principles that were announced in cases involving claims of employment discrimination, *see, e.g., Chardon v. Fernandez,* 454 U.S. at 7–8, 102 S.Ct. at 28–29 (dealing with whether employment-termination claims accrued on the dates of termination or on the earlier dates on which the plaintiffs were notified of the impending terminations), was misplaced. We see no reason why *Heck,* which dealt with constitutional challenges to a criminal conviction, is not also controlling with respect to due process challenges to prison disciplinary hearings.

Under the principle announced in *Heck,* Black's cause of action for denial of due process in the disciplinary proceedings did not accrue until he succeeded in having the disciplinary ruling reversed by the state court in 1991. Black's original complaint, filed in 1993, was therefore not time-barred.

Coughlin also argues that the statute of limitations barred the addition of Ryan and Selsky because, under *Cornwell v. Robinson,* 23 F.3d 694 (2d Cir.1994), the proposed amended complaint would not relate back to the date of the original complaint. This was not the basis of the district court's decision. Given the possible factual and procedural differences between *Cornwell* and the present case, we leave it to the district court in the first instance to assess the parties' respective relation-back contentions after amended pleadings are filed.

■ Finally, we conclude that the denial of leave to amend was not justified by considerations of qualified immunity. Since qualified immunity is an affirmative defense that the defendants have the burden of raising in their answer and establishing at trial or on a motion for summary judgment, a plaintiff, in order to state a claim of constitutional violation, need not plead facts showing the absence of such a defense. *See, e.g., Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980); *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 253 (2d Cir.1991).

Further, although often such a defense may be established as a matter of law, warranting summary judgment in favor of the defendant official, *see, e.g., Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), in some cases the defense cannot be decided as a matter of law, *see generally Robison v. Via,* 821 F.2d

913, 921 (2d Cir.1987). None of the cases relied on by the district court suggested that persons officiating in disciplinary proceedings are automatically entitled to qualified immunity as a matter of law. *See Cleavinger v. Saxner,* 474 U.S. at 206, 208, 106 S.Ct. at 503, 504 (denying defendants' claim to absolute immunity and allowing verdict against the defendants to stand); *Young v. Selsky,* 41 F.3d 47 (2d Cir.1994) (denying Selsky's claim to absolute immunity, *id.* at 54, noting availability of qualified immunity "in appropriate cases," *id.* at 52, and stating that in order to show entitlement to qualified immunity a "defendant must establish that he had an objectively reasonable belief that his act violated no clearly established rights," *id.* at 54), *cert. denied,* —— U.S. ——, 115 S.Ct. 1837, 131 L.Ed.2d 756 (1995); *Walker v. Bates,* 23 F.3d at 659 (vacating a Rule 12(b)(6) dismissal and remanding for further proceedings).

Moreover, to the extent that Black claims that Ryan was biased against him, it is not a given that Ryan would be entitled to qualified immunity as a matter of law, for it has long been clearly established that an inmate subject to a disciplinary proceeding is entitled to an impartial hearing officer. *See, e.g., Wolff v. McDonnell,* 418 U.S. 539, 570–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Patterson v. Coughlin,* 905 F.2d at 569–70. And if a sustainable claim of bias was raised in Black's administrative appeal, the entitlement of Selsky to qualified immunity may be affected as well.

We conclude that the district court's ruling that Ryan and Selsky are entitled to qualified immunity was, at best, premature. We express no view as to the ultimate merit of such a defense or of Black's claims.

## CONCLUSION

For the foregoing reasons, we affirm so much of the judgment as dismissed the claim against Coughlin; we vacate so much of the judgment as dismissed the complaint without leave to amend in order to add Ryan and Selsky as defendants.