101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert MOATES, Plaintiff-Appellant,
v.
Hans WALKER, Superintendent, Auburn Correctional Facility;
Thomas A. Coughlin, Commissioner, New York State
Department of Correctional Services,
Defendants-Appellees.
 No. 96-2119.
 United States Court of Appeals,
Second Circuit.
 July 2, 1996.
 
 Robert Moates, pro se, Ogdensburg, NY, for Appellant.
 Gina M. Ciccone, Assistant Attorney General of the State of New York, Albany, NY, for Appellees.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 4
 Plaintiff-appellant Robert Moates appeals pro se from a judgment entered in the United States District Court for the Northern District of New York (Scullin, J.) granting summary judgment in favor of defendants-appellees Hans Walker, Superintendent of Auburn Correctional Facility, and Thomas A. Coughlin, former Commissioner of the New York State Department of Correctional Services.
 
 
 5
 Pursuant to 42 U.S.C. § 1983, Moates commenced the action giving rise to this appeal on March 28, 1994. In his complaint, Moates alleged that the defendants violated his Eighth Amendment rights by failing to provide proper medical treatment after he injured his hip in a fall from a sanitation truck at Auburn Correctional Facility ("Auburn") on July 8, 1991. Moates sought damages in the amount of $4,000,000. On November 14, 1994, the defendants moved for summary judgment. The defendants outlined the extensive treatment that Moates had received from July of 1991 through November of 1991. The defendants also argued that they were not personally involved in the medical treatment. Moates did not respond to the motion.
 
 
 6
 On May 5, 1995, the magistrate judge issued a Report-Recommendation, recommending that the district court grant summary judgment in favor of the defendants because of Moates' failure to respond to the motion. Moates then filed objections to the Report-Recommendation. In an accompanying affirmation, he stated that the defendants were responsible for the supervision and management of the New York State Department of Correctional Services and of Auburn. Moates also asserted that the defendants were personally involved in his medical care.
 
 
 7
 On December 19, 1995, the district court granted summary judgment in favor of the defendants. The court found that Moates had failed to allege or demonstrate the personal involvement of the defendants in his medical treatment. Judgment was entered on December 26, 1995. This appeal followed.
 
 
 8
 On appeal, Moates contends that the district court erred in finding that the defendants did not violate his Eighth Amendment rights. We disagree. It is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir.1991) (quotation omitted). Personal involvement in the § 1983 context means "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir.1996).
 
 
 9
 In the present case, Moates failed to allege in his complaint any involvement on the part of the defendants in his medical care, and only claimed that they were responsible for the management of Auburn. However, "a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." Id. Although Moates stated in an affirmation accompanying his objections to the magistrate judge's Report-Recommendation that the defendants were personally involved in his medical care, he does not provide any evidence to support this allegation.
 
 
 10
 We have considered Moates' remaining contentions, and we find them all to be without merit.