**Chris HYNES, Plaintiff–Appellant,**

v.

**Lieutenant DRAKE, Hearing Officer, Thomas A. Coughlin, III, Commissioner of the Department of Corrections, Defendants–Appellees.**

No. 1026, Docket 95–2766.

United States Court of Appeals, Second Circuit.

Argued March 4, 1997.

Decided April 10, 1997.

Carolyn A. Kubitschek, Lansner & Kubitschek, New York City, for Plaintiff–Appellant.

Dennis C. Vacco, Attorney General of the State of New York, Thomas D. Hughes, Assistant Solicitor General of the State of New York, Thomas H. Hanna, Jr., Assistant Attorney General of the State of New York, New York City, for Defendants–Appellees.

Before: WALKER, McLAUGHLIN, Circuit Judges, and CHIN,* District Judge.

PER CURIAM.

Plaintiff-appellant Chris Hynes appeals from an October 12, 1995 order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) granting defendants' motion to dismiss Hynes's complaint and denying Hynes's request for permission to amend his complaint. *See Hynes v. Drake*, No. 94 Civ. 7581(LAP), 1995 WL 608368, at *4 (S.D.N.Y. Oct. 16, 1995). On August 28, 1996, we dismissed Hynes's appeal with the exception of the narrow issue of whether the district court should have granted Hynes permission to amend his complaint to add Correction Officer M. Fierro as a party. In light of our decision in *Black v. Coughlin*, 76 F.3d 72 (2d Cir.1996), which was decided after the district court entered its order in this case, we vacate only that part of the district court's order denying Hynes's request for permission to amend his complaint to add Fierro as a party and remand the case to the district court to consider Hynes's request to amend his complaint to add Fierro.

Hynes is an inmate in the custody of the New York State Department of Correctional Services. On October 19, 1994, Hynes filed a complaint under 42 U.S.C. § 1983 alleging violations of his due process rights in connection with a disciplinary hearing conducted at Green Haven Correctional Facility. The disciplinary hearing occurred as a result of an Inmate Misbehavior Report issued to Hynes charging him with assault of a prison guard. The hearing commenced on July 12, 1991.

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

Hynes alleges that he requested that an inmate located at another prison facility, Danny Hearns, testify at the hearing. On July 19, 1991, the hearing officer conducting the hearing received a Witness Refusal Form stating that Hearns allegedly refused to testify at the hearing. The form indicated that Hearns refused to sign the form. Correction Officer M. Fierro signed the form.

Hynes was found guilty of the charges and sentenced to serve time in the Special Housing Unit. Hynes filed an Article 78 proceeding in New York state court challenging the procedures employed in his disciplinary hearing. The New York Appellate Division reversed the findings of the hearing officer and ordered that the charges be expunged from Hynes's record. *Hynes v. Scully,* 203 A.D.2d 462, 610 N.Y.S.2d 318, 319 (2d Dep't 1994).

Hynes commenced this action seeking damages for violation of his due process rights. The district court dismissed Hynes's complaint as time-barred because the suit was not brought within three years of the July 1991 disciplinary hearing. The district court also denied Hynes's request for leave to amend his complaint to add Correction Officer Fierro and other parties because his claims were time-barred. This appeal followed.

Subsequent to the decision of the district court, we held in *Black* that a "cause of action for denial of due process in ... disciplinary proceedings d[oes] not accrue until [the prisoner] succeed[s] in having the disciplinary ruling reversed by the state court." 76 F.3d at 75.

On August 28, 1996, we filed an order with respect to the present appeal in response to a motion made by Hynes requesting, *inter alia,* assignment of counsel. The order stated in pertinent part:

> [E]xcept as discussed below, the appeal is dismissed as so indisputably lacking in merit as to be frivolous within the meaning of 28 U.S.C. § 1915(e). *See Neitzke v. Williams,* 490 U.S. 319 [109 S.Ct. 1827, 104 L.Ed.2d 338] (1989). Although the action did not accrue until the Appellate Division reversed the disciplinary hearing determination, *Black v. Coughlin,* 76 F.3d 72, 75 (2d Cir.1996), the claims in both the origi-

nal and amended complaints were clearly frivolous except as to Fierro....

However, the denial of the motion to amend the complaint as to Fierro presents a non-frivolous issue, *cf. Grillo v. Coughlin,* 3[31] F.3d 53, 57–57[ ] (2d Cir. 1995[1994]) (evidence tampering may constitute a due process violation). The motion for assignment of counsel is granted for the limited purpose of permitting appellant to pursue his claim that leave to amend the complaint to add Fierro as a defendant was improperly denied.

After considering the briefs submitted by the parties and hearing argument, we hold, in light of *Black,* that the decision of the district court denying Hynes's request for leave to amend his complaint to add Fierro because the claim was time-barred was erroneous.

We vacate only that part of the district court's order denying Hynes's request for leave to amend his complaint to add Fierro and remand the case to the district court for further proceedings. Hynes's challenge to the other portions of the district court's order were dismissed by our order of August 28, 1996, and thus the only remaining issue in this case for the district court to consider concerns Correction Officer Fierro.