Michael ZAPPALA and Veronica Zappala, individually and as parents and legal guardians of Anthony Zappala and Micha Zappala, infants under the age of Eighteen Years, Plaintiffs,

v.

Linda ALBICELLI, Margaret Colligan, Richard E. Parisi, Jerome F. Melvin, Liverpool Central School District, Catherine Haas, Chris Larkin, Thomas Albani, Bonnie Englebrecht, Robert J. Stone, Carl W. Dengel II, Rene Roberts, M.C. Romas, Peter Van Patten, John C. Dillon, Jon A. Gerber, and Onondaga County, Defendants.

No. 94–CV–275 (FJS/GJD).

United States District Court,
N.D. New York.

Oct. 15, 1997.

Thorn And Gershon, Albany, NY, for Michael Zappala, Veronica Zappala, Anthony Zappala, Micha Zappala; Arthur H. Thorn, Mario D. Cometti, of counsel.

Jon A. Gerber, County Attorney, County of Onondaga Dept. of Law, Syracuse, NY, for the County Defendants; Christina M. Pezzulo, of counsel.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, NY, for Colligan, Melvin and

Liverpool School District; Donald L. Schoenwald, Timothy J. Perry, of counsel.

O'Hara & O'Connell P.C., Syracuse, NY, for Albicelli and Parisi; Dennis G. O'Hara, of counsel.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This action arises out of a report of suspected child abuse lodged by Liverpool School District personnel with the New York State Child Abuse Central Registry ("NYSCACR"). Subsequent to this report, personnel from the Onondaga County Department of Social Services ("DSS") along with the Onondaga Sheriff's Department temporarily removed the alleged victim from her parents' care, and initiated a child abuse and neglect petition against the alleged victim's parents. The alleged victim, her parents, and her brother all join in bringing this action against all of the public officials involved in this incident pursuant to 42 U.S.C. § 1983, alleging a violation of their constitutional right to remain together as a family. In a previous decision, the Court dismissed the Plaintiffs' claims against all the Defendants affiliated with the Onondaga County Department of Social Services and the Sheriff's Department, leaving only the Defendants affiliated with the Liverpool School District remaining. Presently before the Court is a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure by the remaining Defendants. The following decision assumes familiarity with the facts and reasoning set forth in our previous decision in this matter.

### Background

Plaintiffs' remaining claims relate to the conduct of Defendant Micha Zappala's teacher and speech therapist, Defendants Linda Albicelli and Margaret Colligan, respectively. In October of 1991, these two Defendants utilized facilitated communication, an experimental communication technique, to communicate with Micha. Based on messages received from Micha through facilitated communication, Defendants Albicelli and Colligan began to suspect that Micha was possibly a victim of child abuse. Defendants raised their concerns with the School Principal, Defendant Richard Parisi, who determined that there was reasonable cause to report the situation to the NYSCACR. Even though the Plaintiffs acknowledge that these Defendants took no part in the decision to remove Micha from her parents, the Plaintiffs allege that their constitutional deprivation was a reasonably foreseeable consequence of the Defendants' action.

Additionally, the Plaintiffs sue Defendant Jerome F. Melvin, the Superintendent of the Liverpool School District, and the Liverpool School District itself for failure to train their employees in proper child abuse reporting procedures and practices.

In our previous decision, the Court dismissed the claims brought against eleven of the individual Defendants who were affiliated with Onondaga County, finding that they were entitled to qualified immunity because it was not clearly established that their conduct was violative of a constitutional right, and in any event their conduct was objectively reasonable given the circumstances present. *See Zappala v. Albicelli,* 954 F.Supp. 538, 545–46 (N.D.N.Y.1997) (*"Zappala I "*). Additionally, the Court dismissed the *Monell* claim brought against the County of Onondaga because the Plaintiffs had failed to demonstrate a material issue of fact as to existence of an unconstitutional policy or practice. *See id.* at 547.

### Discussion

Under Rule 56(c), summary judgment is warranted if, when viewing the evidence in a light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 457, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). To survive a motion for summary judgment the non-movant must do more than present evidence that is merely colorable, conclusory, or speculative. *See Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The non-movant must offer evidence that demonstrates that there are issues of fact that must be decided by a fact finder because "they may reasonably be decided in favor of either party." *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Thus, the Court will examine the Plaintiffs' claims against the remaining Defendants pursuant to this standard.

## I. DEFENDANTS ALBICELLI, COLLIGAN, AND PARISI

Plaintiffs' § 1983 claims against Defendants Albicelli, Colligan, and Parisi allege that their conduct in reporting Micha's facilitated messages to the NYSCACR and their subsequent provision of assistance to the County officials investigating the allegations, eventually led to the temporary removal of Micha from her parents and the filing of a child abuse and neglect petition against them.

■■■ For substantially the same reasons stated in our previous decision, Defendants Albicelli, Colligan, and Parisi are entitled to qualified immunity. Qualified immunity shields government actors from liability for performing discretionary functions where their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. *See Doe v. Marsh,* 105 F.3d 106, 109 (2d Cir. 1997). As Defendants point out, New York law mandates that school officials report allegations of child abuse to the NYSCACR when there is "reasonable cause" to suspect that child abuse has occurred. *See* N.Y. Soc. Serv. Law § 413 (1997). In fact, the state legislature has determined that such decisions should be statutorily immure from liability. *See* N.Y. Soc. Serv. Law § 419 (1997). Furthermore, the failure of educators to carry out their duties under the Social Services Law could subject them to § 1983 liability for *not* reporting suspected child abuse where there is reasonable cause. *See Doe v. New York City Dep't of Soc. Serv.,* 649 F.2d 134, 145–46 (2d Cir.1981) (finding that in a § 1983 action, the mandatory reporting requirements of N.Y. Soc. Serv. L. § 413 fur-

nish a plausible basis for a jury to find deliberate indifference on the part of a defendant who failed to report suspected child abuse). Thus, it is clear that an educator has an obligation to report suspected child abuse where there is reasonable cause to believe it occurred.

The record in the present case reflects that Defendants Albicelli, Colligan, and Parisi relied substantially on evidence derived through facilitated communication in determining that it was necessary to file a report with the NYSCACR. However, even if the Court accepts the Plaintiffs' inference that, in this case, the facilitated communication yielded false information, the Defendants' actions were still objectively reasonable because at the time, they had no reason to believe that the facilitated communication did yield false results, or even that it was highly suspect. *See Zappala I,* 954 F.Supp. at 545–46. For this reason, and for the reasons stated in our previous decision, Defendants Albicelli, Colligan, and Parisi are entitled to qualified immunity.

## II. DEFENDANT LIVERPOOL SCHOOL DISTRICT

Plaintiffs' § 1983 claim against the Liverpool School District alleges that the district had a custom or policy of failing to train its personnel in proper child abuse reporting procedures, which resulted in a violation of the Plaintiffs' constitutional right to remain together as a family. While the Plaintiffs do not fully explain this claim, they imply that the Liverpool School District should have trained its personnel not to rely on facilitated communication as evidence in making decisions whether to report child abuse allegations. The Plaintiffs argue that had the District done so, Defendant Parisi never would made a report to the NYSCACR, and Micha never would have been temporarily removed from her family.

■■■ For purposes of liability under § 1983, a school district is considered to be a municipal actor. *See, e.g., Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2722–23, 105 L.Ed.2d 598 (1989). A municipality may not be held liable for the constitutional torts of its employees on a

respondeat superior basis. *See Board of County Comm'rs of Bryan County, Oklahoma v. Brown,* — U.S. —, —, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 689, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978)). Under limited circumstances, however, a municipality may be considered a "person" for purposes of § 1983 if it has adopted a "custom" or "policy" which is the "moving force" behind a plaintiff's constitutional injuries. *Id.* Where a plaintiff claims that a facially valid municipal policy has led to a constitutional injury, the plaintiff must demonstrate that the municipal action was taken with "deliberate indifference" to the obvious or known unconstitutional consequences of that policy—a showing of simple or heightened negligence will not suffice. *Id.; see also Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). In order to show deliberate indifference in claims alleging a failure to train, the plaintiff must demonstrate that either (1) the municipality was put on notice through a series of previous constitutional violations that the need for further training was "plainly obvious" to the policy makers, or (2) in more limited circumstances, that the municipality had constructive notice of the training deficiency because the constitutional violation which occurred was a "highly predictable consequence of the failure to [train]." *Board of County Comm'rs of Bryan County, Oklahoma,* — U.S. at — – —, 117 S.Ct. at 1390–91. Without such a showing, a failure to train can not fairly constitute "deliberate indifference."

■ In the present case, the Court notes that its finding that the individual Defendants are entitled to qualified immunity probably precludes municipal liability for a related "failure to train" claim. That is because if the independent actors' conduct was objectively reasonable given the circumstances, it logically follows that the unconstitutional nature of the resulting conduct could not have been "highly predictable" to the Liverpool School District. In any event, the Plaintiffs' failure to train claim is not supportable because the Plaintiffs have not demonstrated that there were any previous problems with facilitated communication which could have put district officials on notice that there was a need to train district personnel that facilitated communication was unreliable. Nor have the Plaintiffs demonstrated that there is an issue of fact as to whether it was "highly predictable" that a constitutional violation would occur if the district failed to train its personnel not to rely on facilitated communication to make child abuse reporting decisions. As the Court has previously recognized, the reliability of facilitated communication is subject to considerable debate, even at the present time. *See Zappala I,* 954 F.Supp. at 545–46. At the time of the incidents in question, there was no body of general or specialized knowledge among educators or disability specialists that indicated that facilitated communication was patently unreliable. Thus, no reasonable juror could find that it was "highly predictable" to the policy makers in the Liverpool School District that if they failed to train their personnel that facilitated communication was unreliable, a constitutional violation would ensue. Accordingly, for this reason and those stated in our previous decision, the Plaintiffs' municipal claims against the Liverpool School District must be dismissed.

## III. DEFENDANT MELVIN

Plaintiffs bring a claim against Defendant Jerome F. Melvin, Superintendent of the Liverpool School District, premised on his alleged failure to train district personnel in proper child abuse reporting procedures. Specifically, Plaintiffs allege that he did not train those personnel not to rely on facilitated communication for making reporting decisions.

■ A defendant may not be held liable under § 1983 merely because he holds a position of high authority. *See Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996). Furthermore, as stated, 42 U.S.C. § 1983 will not support liability on a respondeat superior basis. In order for an individual to be liable under § 1983, the plaintiff must demonstrate that the defendant is personally involved in the alleged constitutional violation. *See id.* Personal involvement can mean either (1) direct participation, (2) failure to remedy the alleged wrong after learning of it, (3) creation of a policy or custom under which

unconstitutional practices occurred, or (4) gross negligence in managing subordinates. *See id.*

As the Plaintiffs apparently are relying on the establishment of an unconstitutional policy or practice by Defendant Melvin, this claim suffers from the same deficiency as the Plaintiffs' claim against the Liverpool School District. Thus, under the circumstances of this case, no reasonable juror could find that Defendant Melvin established a custom or policy of failing to train his personnel that was deliberately indifferent to the Plaintiffs' constitutional rights, nor that he was grossly negligent in managing subordinates. Accordingly, the claim against Defendant Melvin is dismissed.

### Conclusion

For the reasons stated in this decision and the Court's previous decision in this matter, and after considering the submissions of the parties, the entire record, and the applicable law, it is hereby

ORDERED that the Defendants' motion for summary judgment is GRANTED, and the Plaintiffs' remaining claims in this action are DISMISSED.

**IT IS SO ORDERED.**