State of NEW YORK and John P. Cahill, as Trustee of the Natural Resources, Plaintiffs,

v.

LONGBOAT, INC. and James Barry, Defendants.

No. 1:00–CV–673(FJS/RWS).

United States District Court, N.D. New York.

March 14, 2001.

New York State Department of Law, Environmental Protection Bureau, New York City, Robert E. Hernan, Asst. Atty. General, of counsel, for Plaintiffs.

James Berry, Ellenville, NY, pro se.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, Chief Judge.

### I. INTRODUCTION

Plaintiffs commenced this action on April 28, 2000, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601 ("CERCLA"), as amended. Plaintiffs allege that Defendant Longboat, Inc. ("Longboat") and Defendant James Barry ("Barry") are responsible, as the current owners and/or operators of the Napanoch Paper Mill Site ("Site"), for all recovery costs incurred by Plaintiff New York State and for all future response costs and natural resource damages in connection with the disposal of hazardous substances at the Site. Plaintiffs also seek recovery under the state law theories of unjust enrichment and public nuisance.

Presently before the Court is Defendant Barry's motion to dismiss and his request for a more definite statement.

### II. BACKGROUND

The Site is a 19–acre former paper mill that has been operated by various companies over the past century. *See* Complaint at ¶ 8. The Site has not been used for any manufacturing business since a fire occurred there in 1977. *See id.* at ¶ 9. Plaintiffs allege that hazardous substances, including polychlorinated biphenyls ("PCBs"), were used in the operations of the various paper mills and were discharged with wastewater into lagoons located on the Site. *See id.* at ¶ 10. The overflow from those lagoons was discharged into Rondout Creek. *See id.* at ¶ 11.

Beginning in 1986, the New York State Department of Environmental Conservation ("DEC") conducted investigations of the Site to determine the nature and scope of the contamination. *See id.* at ¶ 13. The DEC designated the Site as an inactive hazardous waste disposal site pursuant to New York's Environmental Conservation Law ("ECL") § 27–1301(2). The DEC classified the Site as a Class 2 site or one that presents a significant threat to the public health or environment and which requires action. *See id.* at ¶ 14. As a result of the risk level, the DEC undertook an Interim Remedial Measure ("IRM") to remove the PCB-contaminated materials. The DEC removed approximately 6,750 tons of PCB-contaminated paper sludge and soil. *See id.* at ¶¶ 15–16. The DEC then initiated a Remedial Investigation/Feasibility Study ("RI/FS") in March of 1994. *See id.* at ¶¶ 17–18. The final report indicated the presence of PCBs and/or polyaromatic hydrocarbons ("PAHs") on the Site. The report noted that other various substances, including

arsenic, chromium, lead and mercury were also present at the Site. *See id.* at ¶ 19. The DEC concluded that the appropriate remedy was the removal of the PCB-contaminated papers rolls, the excavation and off-site disposal of contaminated soil, and the excavation and dewatering of Rondout Creek to remove the contaminated sediment. *See id.* at ¶ 22. This action was commenced in 1996 and is now substantially completed. *See id.* at ¶ 23. The State of New York has incurred response costs, not including interest or enforcement, of over $20 million. *See id.* at ¶ 24.

Plaintiffs claim that since Defendants[1] have been the owner/operators of the Site since 1985, pursuant to sections 9607(a)(1) and 9613(g)(2) of CERCLA, they are jointly and severally liable for all response costs the State has incurred. *See id.* at ¶¶ 33–36. Plaintiffs also seek relief for unjust enrichment from Defendants. Plaintiffs argue that Defendants failed to perform their duties and obligations and that, therefore, the State had to do so in order to ensure the protection of the public health and environment. *See id.* at ¶¶ 37–40. Plaintiffs claim that Defendants were unjustly enriched by the State's performance of those duties owed by Defendants. The State, therefore, seeks restitution for the expenses incurred. *See id.* at ¶¶ 43–44. Finally, Plaintiffs claim that Defen-

dants maintained a continuing public nuisance at the Site and are, therefore, liable to the State under the common law of public nuisance and the New York Real Property and Proceedings Law § 841 for all costs arising from the State's abatement of this public nuisance. *See id.* at ¶¶ 46–48.

Defendant Barry, in support of his motion to dismiss, brought pursuant to Rule 12 of the Federal Rules of Civil Procedure, asserts the following arguments: 1) improper venue pursuant to 12(b)(3);[2] 2) failure to state a claim for which relief can be granted pursuant to 12(b)(6); and 3) failure to join necessary parties under Rule 19 pursuant to 12(b)(7). *See* Def.'s Notice of Motion to Dismiss at 1. Defendant Barry also requests a more definite statement pursuant to Rule 12(e) and raises the issue of Defendant Longboat's capacity to be sued.

The Court will address Defendant Barry's arguments *seriatim.*[3]

## III. DISCUSSION

### A. Defendant Longboat's capacity to be subject to suit

Defendant Barry maintains that Defendant Longboat was dissolved in 1989 and left all its assets to the State.[4] *See* Notice of Motion to Dismiss at 2. Defendant Bar-

---

1. Defendant Barry, a lawyer, was the President of Defendant Longboat which purchased the Site in 1985. *See* Complaint at ¶ 6–7.

2. The Court need not address this since the Southern District of New York, in addressing this argument, transferred the case to the Northern District of New York.

3. As a preliminary matter, Plaintiffs ask that the Court deny Defendant Barry's motion because he failed to submit a Memorandum of Law in support of his motion as required by Local Rule 7.1. Plaintiffs also claim that Defendant Barry failed to comply with Judge Preska's requirement for a pre-motion confer-

ence. Defendant Barry is an attorney, but one who is unfamiliar with the federal rules, and he asks the Court's leniency for his failure to comply. In the interest of judicial efficiency, the Court will consider the merits of Defendant Barry's motion despite his failure to adhere to the requirements of the federal and local rules of practice. The Court, however, cautions Defendant Barry that further failure to comply with the applicable rules may result in sanctions.

4. Defendant Barry submitted a photocopy of the certificate of dissolution for the Court's review.

ry maintains that, therefore, Defendant Longboat is not subject to this suit.

Plaintiffs respond that, even assuming *arguendo*, that Defendant Longboat was properly dissolved, the company is still subject to suit in this CERCLA action because a dissolved company continues to exist for purposes of winding up its affairs. *See* Pls.' Memorandum of Law at 4 (citing New York Business Corporation Law § 1006). Plaintiffs claim that they are seeking relief from Longboat for its actions beginning in 1985 before it was dissolved. District courts have held that defunct companies can be liable under CERCLA for their pre-dissolution activities. *See, e.g., Town of Oyster Bay v. Occidental Chem. Corp.*, 987 F.Supp. 182, 201 (E.D.N.Y.1997).

 The Court, therefore, concludes that at least at this early stage of the litigation Defendant Longboat is a proper party in this matter.

## B. Defendant Barry's request for a more definite statement

Defendant Barry asserts that the complaint fails to state with any specificity the actions he allegedly committed to warrant the relief sought. *See* Notice of Motion to Dismiss at 2.

 Plaintiffs maintain that the allegations of the complaint are sufficient to put Defendant Barry on notice that his liability is based on his status as the President of Defendant Longboat at the time of the release of hazardous substances from the Site. The law is clear that individual officers can be held liable as owners and/or operators under CERCLA, *see Bedford Affiliates v. Sills*, 156 F.3d 416, 431 (2d Cir.1998), and that shareholders can be held liable for claims against dissolved corporations. *See Hatch v. Morosco Holding Co.*, 50 F.2d 138, 140 (2d Cir.1931) (finding that shareholders who received distributions of assets from a corporation could be liable for claims against the dissolved corporation).

 Having reviewed the complaint, the Court finds that it clearly provides the requisite information to place Defendant Barry on notice of the charges against him. The Court, therefore, denies Defendant Barry's request for a more definite statement.

## C. Whether Plaintiffs have stated a claim upon which relief can be granted

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In analyzing a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and must be liberally construed in the light most favorable to him. *See, e.g., Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir. 1991). While a court need not accept mere conclusions of law, it should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *See Murray v. City of Milford*, 380 F.2d 468, 470 (2d Cir.1967).

Furthermore, when a party makes a Rule 12(b)(6) motion, a court will limit its consideration to the facts asserted on the face of the complaint. *See Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989) (citation omitted). "A complaint will not be dismissed for failure to state a claim unless it appears, beyond a reasonable doubt, that a plaintiff cannot prove any set of facts entitling him or her to relief." *Kimball Assoc. P.A. v. Homer Cent. Sch. Dist.*, No. 00–CV–897, 2000 WL 1720751, *2 (N.D.N.Y. Nov. 9, 2000) (citation omitted). With this standard in mind, the Court turns to the sufficiency of Plaintiffs' claims.

Defendant Barry maintains that Defendants were innocent purchasers of the Site. *See* Notice of Motion to Dismiss at 3. In fact, Defendants purchased the land from Ulster County, apparently unaware that it was contaminated. Defendant Barry argues that

> a party unconnected to any pollution, who purchased from a government entity for a residential purchase, and operated nothing on this property in equity should be protected from draconian strict liability, especially after it did the ethical, decent and moral thing in transferring all its asserts to the State of New York.

*Id.*

■ Plaintiffs correctly construe Defendant Barry's argument to be that he is an "innocent purchaser" of the Site and, therefore, ought not be held liable. CERCLA does indeed recognize such an affirmative defense, but the defendant bears the burden of proof to establish such a defense. Plaintiffs, therefore, are not required to plead facts showing the absence of such a defense. *See* Pls.' Memorandum of Law at 7 (citing *Black v. Coughlin,* 76 F.3d 72, 75 (2d Cir.1996)).

Alternatively, Defendant Barry maintains that he is not the current owner or operator of the Site because in 1989 Longboat dissolved and transferred all of its assets to the State.

On a motion to dismiss, the Court's consideration is limited to the allegations in the complaint. After discovery Defendants may be able to establish Longboat was either an innocent purchaser of the Site or that Defendants are not the current owners/operators of the Site. However, at this stage of the litigation, the Court cannot conclude that Plaintiffs will not be able to prove any set of facts entitling them to relief. The Court, therefore, denies Defendant Barry's motion to dismiss the complaint for failure to state a claim.

### D. Failure to join necessary parties under Rule 19

Defendant Barry cites to a long list of companies that occupied the Site prior to him which probably had some involvement in the contamination of the property. *See* Notice of Motion to Dismiss at 4. He maintains that proceeding without these parties would be prejudicial to his case.

■ Defendant Barry's argument is flawed for two reasons. First, CERCLA does not require that the State sue all potentially responsible parties in a cost recovery action. *See United States v. Consolidation Coal Co.,* Civ. A. No. 89–2124, 1991 WL 333694, *5 (W.D.Pa. July 5, 1991) (citations omitted). Second, if Defendant Barry believes other parties are responsible for contamination of the Site, he may seek contribution from those parties either by joining them as third-party defendants or commencing a separate action against them. *See* 42 U.S.C. § 9613(f)(1). The Court, therefore, denies Defendant Barry's motion to dismiss on the ground that Plaintiffs have failed to join necessary parties under Rule 19 of the Federal Rule of Civil Procedure.

### E. Entitlement to a jury trial

Finally, Defendant Barry mentions in his reply papers that he has a right to a jury trial. He asks that the Court decide that he has properly made a demand for a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. Defendant Barry did, in fact, request a jury trial in his answer. *See* Def. Barry's Answer at 4.

■ Although the Second Circuit has not directly ruled on this issue, it has noted that the overwhelming weight of authority holds that Congress did not intend a jury trial when the plaintiff seeks recovery of response costs. *See State of New*

*York v. Lashins Arcade Co.*, 91 F.3d 353, 362 (2d Cir.1996) (citing *Hatco Corp. v. W.R. Grace & Co.-Conn.*, 59 F.3d 400, 411–12 (3d Cir.1995) (other citations omitted)). Defendant Barry is, however, entitled to a jury trial on his state law claims. Therefore, should this matter proceed to trial, the Court will simultaneously hold a jury trial on the state law claims and a bench trial on the CERCLA claim. *See, e.g., Prisco v. A & D Carting Corp., et. al.*, 168 F.3d 593, 598 (2d Cir.1999).

## IV. CONCLUSION

After carefully reviewing the file, the parties' submissions, and the relevant law, and for the reasons stated herein, it is hereby

**ORDERED** that Defendant Barry's Motion to Dismiss is **DENIED;** and it is further

**ORDERED** that the parties are to contact Magistrate Judge Sharpe to schedule a Rule 16 Conference.

**IT IS SO ORDERED.**