Joseph GARCIA, Plaintiff,

v.

Donald SELSKY, Defendant.

No. 08–CV–6079L.

United States District Court, W.D. New York.

Jan. 29, 2010.

Joseph Garcia, East Elmhurst, NY, pro se.

Thomas J. Kidera, New York State Attorney General's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

DAVID G. LARIMER, District Judge.

Plaintiff, Joseph Garcia, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts a claim against Donald Selsky, the DOCS Director of Special Housing/Inmate Disciplinary Program, arising out of certain events that occurred during 2004 and 2005, while plaintiff was confined at Attica Correctional Facility.

Defendant has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint, on the ground that plaintiff has failed to allege facts demonstrating Selsky's personal involvement in the alleged constitutional violations. Plaintiff has cross-moved for summary judgment.

## DISCUSSION

Plaintiff alleges that in March 2004, he was issued a misbehavior report charging him with certain infractions. After a hearing, he was found guilty and sentenced to nine months' confinement in the Special Housing Unit ("SHU") at Attica, along

with concomitant loss of privileges and good time credit.

Plaintiff filed an administrative appeal, alleging various due process violations at his hearing. Selsky affirmed the hearing officer's disposition.

Plaintiff then filed an Article 78 proceeding in state court challenging the result of his hearing. While that action was pending, Selsky issued a second decision on or about March 20, 2005, this time reversing the guilty finding. That decision effectively mooted plaintiff's Article 78 petition, and no decision on the merits was ever reached in state court.

■ Plaintiff commenced this action in 2008, naming Selsky as the only defendant. He alleges that his due process rights were violated in connection with the disciplinary proceedings, and that Selsky was personally involved in that violation because of his initial affirmance of the hearing officer's decision. Plaintiff also alleges that by the time Selsky changed course and reversed the guilty finding, plaintiff has already served his nine-month SHU sentence. He also alleges that the guilty finding caused the parole board to deny plaintiff's application for parole in December 2004. Selsky moves to dismiss the complaint on the ground that plaintiff has not alleged facts showing that Selsky was personally involved in the alleged constitutional deprivation.[1] A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the violation of his constitutional rights. *Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 254 (2d Cir.2001); *Gaston v. Coughlin,* 249 F.3d 156, 164 (2d Cir.2001). That requirement may be satisfied by al-

leging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986).

■ Selsky alleges that plaintiff's allegation that Selsky affirmed (and later reversed) the hearing officer's guilty finding and imposition of a nine-month SHU sentence is insufficient to demonstrate Selsky's personal involvement in the alleged due process violations in connection with the disciplinary proceedings against plaintiff. Although there is some support for that assertion in the case law, there are also cases reaching a contrary result. "The distinction between these cases appears to be that 'while personal involvement cannot be founded solely on supervision, liability can be found if the official proactively participated in reviewing the administrative appeals as opposed merely to rubber-stamping the results.'" *Woodward v. Mullah,* No. 08–CV–463, 2009 WL 4730309, at *3 (W.D.N.Y. Dec. 7, 2009) (quoting *Hamilton v. Smith,* No. 06–CV–805, 2009 WL 3199531, at *22 (N.D.N.Y. Jan. 13, 2009), *report and recommendation*

---

**1.** Selsky has also moved to dismiss the claims against him in his official capacity. That part of his motion appears to be boilerplate, however, and from my reading of the complaint I see no indication that plaintiff has attempted to assert any claims against Selsky in his official capacity. Selsky's motion is therefore denied as moot.

*adopted as modified,* 2009 WL 3199520 (N.D.N.Y. Sept. 30, 2009)).

In the case at bar, the complaint itself alleges very little about Selsky's actions other than his affirmance and subsequent reversal of the hearing officer's decision. In his cross-motion for summary judgment and response to Selsky's motion, however, plaintiff alleges that in his administrative appeal, he identified the due process violations that he claims occurred during the disciplinary proceedings, and that Selsky was made fully aware of those allegations and the facts supporting them. If those allegations are correct, then plaintiff may be able to establish Selsky's personal involvement. *See Black v. Coughlin,* 76 F.3d 72, 75 (2d Cir.1996) (describing Selsky as having been "personally involved in Black's disciplinary proceedings," based on Selsky's affirmance of hearing officer's disposition of disciplinary charges against inmate).[2]

■ Since Selsky's motion is made under Rule 12(b)(6), however, the Court may not consider plaintiff's affidavit, or any other evidence not contained within the complaint itself, unless the Court converts the motion to a motion for summary judgment. *See Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000); *Brown v. Napo-*

li, 687 F.Supp.2d 295, 299 n. 1, 2009 WL 2981880, at *2 n. 1 (W.D.N.Y.2009). I believe that to be the appropriate course of action here, particularly since plaintiff has himself moved for summary judgment. Once the matter has been fully briefed, and the relevant evidence placed before the Court, the Court will be able to decide the question of Selsky's personal involvement, as well as his liability, based on a fuller record.[3]

## CONCLUSION

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court hereby gives the parties notice of its intention to convert defendant's motion to dismiss (Dkt. # 4) to a motion for summary judgment under Rule 56. Plaintiff and defendants shall submit, no later than **February 22, 2010,** any additional materials pertinent to defendant's motion, in accordance with Rule 56(e) of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure for this district.

If defendant contends that he is unable properly to respond to plaintiff's cross-motion for summary judgment (Dkt. # 13) without first obtaining additional information through discovery, then he must include with his papers an affidavit support-

---

**2.** Although they have been referred to in the complaint, it does not appear that any of the papers from plaintiff's disciplinary proceedings or administrative appeal are in the record before the Court at this point.

**3.** In response to plaintiff's cross-motion, defendant has submitted an affirmation of defense counsel requesting that the Court either deny plaintiff's motion as premature, or "grant defendant a continuance pursuant to Rule 56(f) to permit completion of discovery [which has not yet commenced] and the taking of a deposition of the plaintiff." Dkt. # 17 ¶ 4.

It is difficult to see why full-blown discovery or a deposition of plaintiff would be need-

ed to enable defendant to address the issue of Selsky's personal involvement or to respond to plaintiff's motion. There is no indication that Selsky was physically present at the disciplinary hearing or that he witnessed any of the underlying events, and presumably his involvement could be established entirely through documentary evidence, much if not all of which is probably already in DOCS's possession. If defendant does contend that he needs some discovery in order to respond to plaintiff's motion, however, he must file a proper affidavit in compliance with the requirements of Rule 56(f). *See Brunson v. Jonathan,* 677 F.Supp.2d 640, 640–41, 2010 WL 27855, at *1 (W.D.N.Y.2010).

ing that contention, in compliance with Rule 56(f).

Plaintiff's motion for an extension of time to respond to defendant's motion to dismiss (Dkt. # 14) is denied as moot.

IT IS SO ORDERED.